UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRADEN G.,

      Plaintiff,                               Case No. 2:23-cv-2626

v.                                      JUDGE EDMUND A. SARGUS, JR.
                                              Magistrate Judge Stephanie K. Bowman

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

**ORDER**

      Plaintiff, Braden G., brings this action under 42 U.S.C. § 405(g), seeking review of a final decision of the Social Security Commissioner, who denied him disability benefits.

**I.**

      On July 8, 2024, the Magistrate Judge assigned to this case issued a Report and Recommendation supporting the decision of the Commissioner. On July 18, 2024, the Plaintiff filed a timely objection to the Report and Recommendation.

      The sole objection raised by the Plaintiff is that the Administrative Law Judge ("ALJ") improperly found that she was bound by a prior ALJ finding in an earlier decision. According to the Plaintiff, he was entitled to a "fresh look" as to his current residual functional capacity, a look not constrained by a prior decision on a previous claim for disability.

      The Plaintiff is correct insofar as the ALJ in this case referred to *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). In *Drummond*, the Court held that an earlier ALJ decision followed by a later, second application for disability benefits bound the second ALJ, unless the plaintiff could prove changed circumstances. Otherwise, according to *Drummond*, res judicata

principles applied.

As the Magistrate Judge noted, a subsequent decision from the Sixth Circuit Court of Appeals modified *Drummond*.  In *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), the Court held that it was error for an ALJ to find that she was bound by an earlier ALJ decision. Since the new claim involved a new alleged period of disability, the second ALJ is required to give "a fresh look to a new application."  The Plaintiff objects that this did not happen in his case.

The Magistrate Judge found that the real question is whether the ALJ freshly reviewed the evidence, not whether the ALJ mentioned *Drummond*.  This Court notes that in response to *Drummond*, the Social Security Commission issued Acquiescence Ruling 98-4(6), adopting the holding in *Drummond*.  The 98-4(6) Ruling has not been amended after the holding in *Drummond* was superseded by *Early*.

Here, the ALJ reviewed new, material evidence submitted in support of the renewed claim. The ALJ expressly declined to adopt the previous residual functional capacity found by the first ALJ.  The second ALJ did ultimately adopt the same residual function capacity, though such decision and findings were based on a review of the medical evidence, not on principles of res judicata.

## II.

From this, the Court concludes that the decision denying benefits should be **AFFIRMED**. The Report and Recommendation issued in this case by the Magistrate Judge is **ADOPTED IN FULL**.  The claim for benefits is **DENIED**.  This case is **DISMISSED**.

**IT IS SO ORDERED.**


**9/16/2024**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**